UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SOUTH CRE VENTURE 2010-2, LLC,
as Receiver for Hillcrest Bank Florida,

      Plaintiff,

v.                                                        Case No.  2:10-cv-774-FtM-SPC

COLONY CORPORATE CENTRE, LLC,
ET AL.,

      Defendants.
_____/

## ORDER

This cause comes before the Court on Defendants Colony Corporate Centre, LLC and Joseph D'Jamoos' Motion to Dismiss for Lack of Subject Matter Jurisdiction.  (Doc. No. 64). Plaintiff opposes this motion.  (Doc. No. 69).  As explained below, the motion is denied.

This lawsuit was originally filed by the Federal Deposit Insurance Corporation ("FDIC"), as Receiver for Hillcrest Bank Florida, to: (1) foreclose a mortgage on real property, (2) recover on a promissory note, (3) foreclose on a security interest in personal property, (4) enforce a collateral assignment of contracts, leases, rents, and profits, and (5) recover for breach of an unconditional personal guaranty.  The basis for this Court's jurisdiction was 12 U.S.C. § 1819(b)(2)(A), which provides the general rule[1] that civil lawsuits in which the FDIC, "in any capacity, is a party shall be deemed to arise under the laws of the United States."  Section 1819(b)(1) also provides that the FDIC, in any capacity, shall be considered an agency of the United States for purposes of subject matter jurisdiction under 28 U.S.C. § 1345 (which provides

---

[1]Exceptions to the general rule exist, but they do not apply in this case.

the districts courts with subject matter jurisdiction over civil actions brought by agencies of the United States).

Thereafter, the FDIC moved to substitute South CRE Venture 2010-2, LLC ("South CRE") as Plaintiff-Receiver for Hillcrest Bank Florida. This Court granted the motion to substitute.

Now pending before the Court is Defendants Colony Corporate Centre, LLC and Joseph D'Jamoos' Motion to Dismiss for Lack of Subject Matter Jurisdiction. In this motion, these defendants argue that because the FDIC is no longer a party in this case, this Court no longer has subject matter jurisdiction over the case.

South CRE opposes the motion, arguing that the FDIC is a member of South CRE, and as such, the FDIC retains an interest in this action that supports this Court's subject matter jurisdiction.[2] This argument makes logical sense, given that the FDIC has an interest in this litigation due to its membership in South CRE and given that "when Congress enacted FIRREA [the Financial Institutions Reform, Recovery, and Enforcement Act and amended § 1819], it intended to give the FDIC in any capacity broad access to federal courts." See RES-GA Four,

---

[2]"Due to the well-documented volume of bank failures in the past few years and the overwhelming cost of corresponding recovery efforts, the FDIC recently has endeavored to lessen the financial burden on taxpayers by entering into joint ventures with private sector asset management companies. These transactions are structured in such a way that the FDIC maintains a majority equity interest in a failed bank's assets, while it transfers day-to-day management responsibility to expert private sector professionals who also have a financial interest in the assets and share in the costs and risks associated with ownership." See RES-GA Four, LLC v. Avalon Builders of Ga. LLC, 2012 WL 13544, at *1 n.2 (M.D. Ga. Jan. 4, 2012). In this case, South CRE states that it is a limited liability company that is comprised of two members: the FDIC and HRC SVC South 2010, LLC. Further information about South CRE can be found on the FDIC's website. See, e.g., http://www.fdic.gov/buying/historical/structured/south_cre_10_2/ Amended_Restated_LLC_Agreement_3.pdf.

LLC v. Avalon Builders of Ga. LLC, 2012 WL 13544, at *4 (M.D. Ga. Jan. 4, 2012).  As further explained by the court in See RES-GA Four, LLC:

> Significantly, § 1819(b)(1) does not require the FDIC to be a "party" in its own name.  Rather, the FDIC "in any capacity" can invoke subject matter jurisdiction pursuant to 28 U.S.C. § 1345 without regard to whether it is a "party." Here, the FDIC in its capacity as a majority member of the owner of the Plaintiff has commenced this action. The Plaintiff is seeking to fulfill the FDIC's mandate to collect assets of troubled banks. Thus, it seems logical to conclude that this Court has subject matter jurisdiction pursuant to 12 U.S.C. § 1819(b)(1) and 28 U.S.C. § 1345.
>
> This interpretation is consistent with the scheme and intent of § 1819(b). The pre-FIRREA version of § 1819 required the FDIC to be [a] "party." Congress broadened that to include situations in which the FDIC was involved in the litigation "in any capacity." Of course, when Congress enacted FIRREA, it likely was not contemplating that the FDIC would employ the mechanism that it is now using to collect assets of failed banks. However, given the purpose of FIRREA, it seems logical to conclude that Congress would not have intended that the FDIC in the capacity in which it is operating in this case would be barred from federal court.

Id. at *5.

This Court notes, however, that the court in RES-GA Four, LLC declined to finally decide the issue of whether the FDIC's membership in the plaintiff-limited liability company was sufficient to confer subject matter jurisdiction under§ 1819, because an alternate ground for subject matter jurisdiction existed in that case.  See id.  Likewise, this Court need not decide the issue of whether the FDIC's membership in the plaintiff-limited liability company is sufficient to confer subject matter jurisdiction under§ 1819, because an alternate ground for subject matter jurisdiction exists.

Specifically, as pointed out by South CRE, when the FDIC brought this lawsuit, the Court had subject matter jurisdiction over this case, pursuant to § 1819.  The fact that a new plaintiff has been substituted in place of the FDIC does not divest this Court of subject matter

3

jurisdiction.  See Federal Savings & Loan Ins. Corp. v. Griffin, 935 F.2d 691, 696 (5th Cir. 1991); F.D.I.C. v. Four Star Holding Co., 178 F.3d 97, 101 (2d Cir. 1999); Casey v. F.D.I.C., 583 F.3d 586, 591 (8th Cir. 2009); Adair v. Lease Partners, Inc., 587 F.3d 238, 244-45 (5th Cir. 2009); F.D.I.C. v. Mudd, 704 F. Supp.2d 822, 826 (N.D. Ill. 2010).  As explained by the Griffin court:

> The policy reasons for insuring federal jurisdiction over cases involving the actions of failed thrifts continue when the FDIC is voluntarily dismissed as a party and the owner of the failed thrift's assets remains. A transferee from . . . [the] FDIC, as successor of [the FDIC's] interests, is still entitled to the protection of federal courts . . . .  In sum, federal jurisdiction is proper in this case because according to . . . amended § 1819, the case arises under federal law.

Griffin, 935 F.2d at 696.  Additionally, as noted by the Four Star Holding Co. court, the existence of subject matter jurisdiction normally depends on the facts as they exist when the complaint is filed, and if jurisdiction existed at that time, it will not be divested by subsequent events.  See Four Star Holding Co., 178 F.3d at 100 (citations omitted).  Thus, this Court continues to have subject matter jurisdiction over this case, despite the fact that South CRE has been substituted as the plaintiff in place of the FDIC.

Accordingly, it is ORDERED AND ADJUDGED that Defendants Colony Corporate Centre, LLC and Joseph D'Jamoos' Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. No. 64) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 7th day of March, 2012.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record

4