UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SOUTH CRE VENTURE 2010-2, LLC.,

       PLAINTIFF,

V.                                            Case No: 2:10-CV-774-FtM-UASPC

COLONY CORPORATE CENTRE, LLC, JOSEPH E. DJAMOOS, PHILBIN BROTHERS LLC, WALL SYSTEMS, INC. OF SOUTHWEST FLORIDA, THE FOUNDATION OF PELICAN MARSH, INC. and VANDERBILT GALLERIA CONDOMINIUM ASSOCIATION, INC.

       Defendants.

_____/

## ORDER

This matter comes before the Court on the Defendants Colony Corporate Centre, LLC, and Joseph D'Jamoos' Amended Motion to Disqualify Henderson Franklin Starnes & Holt, PA. (Doc. #73) filed on October 11, 2011. The Plaintiff, South CRE Venture, filed its Response in Opposition (Doc. # 79) on October 31, 2011. The Motion to Disqualify was referred (Doc. # 88) to this Court by the District Court for a Report and Recommendation on April 4, 2012. The Motion is now ripe for the Court's review.

Disqualification of a party's chosen counsel is an extraordinary remedy and should be resorted to sparingly." Quail Cruises Ship Management Ltd. v. Agencia De Viagens CVC

1

Limitada, 2010 WL 2926042 *3 (S.D. Fla. July 23, 2010) (citing Manning v. Cooper, 981 So.2d 668, 670 (Fla. 4th DCA 2008); Singer Island Ltd. v. Budget Constr. Co., 714 So.2d 651, 652 (Fla. 4th DCA 1998)). "The party moving to disqualify counsel bears the burden of proving the grounds for disqualification." In re BellSouth Corp., 334 F.3d 941, 961 (11th Cir.2003). "Because a party is presumptively entitled to the counsel of his choice, the right may be overridden only if 'compelling reasons' exist." Id. (quoting Texas Catastrophe Property Ins. Ass'n v. Morales, 975 F.2d 1178, 1181 (5th Cir.1992). Pursuant to Florida law, a movant must establish 1) the existence of a prior attorney-client relationship, and 2) that the matters in the pending suit are substantially related to the previous matter. Shivers v. Int'l Bd. Of Elc. Workers Local Union, 349, 262 F. Appx. 121, 126 (11th Cir.2008); *see also* State Farm Mut. Auto. Ins. Co.v . K.A.T., et.al.,575 So.2d 630, 633-34 (Fla.1991).

The Defendant argues that the Plaintiff's Counsel is on violation of the Florida Bar's Rules of Professional Conduct Rules 4-1.7 and 4-1.9. Rule 4-1.7 prohibits a lawyer from representing one client if the representation of that client is directly adverse to another client. Rule 4-1.9 states in pertinent part:

> a lawyer who has formerly represented a client shall not:
>
> (a) represent another person in the same or substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent; or
> (b) use information relating to the representation to the disadvantage of the former client except as these rules would permit or require with respect to a client or when the information has become generally known; or
> (c) reveal information relating to the representation except as these rules would permit or require with respect to a client.

Having reviewed the Motion and the Response the Court will necessarily hold a hearing on the matter and hear argument from both Parties regarding the Motion.

Accordingly, it is now

**ORDERED:**

A hearing shall be held before the Undersigned at **9:30am., May 14, 2012**, at the United States Courthouse and Federal Building, Courtroom 5D, in Fort Myers, Florida. The Defendants Colony Corporate Centre, LLC, and Joseph D'Jamoos' and the Plaintiff, South CRE Venture, LLC shall be prepared to present evidence and testimony regarding the issue of the disqualification of Henderson, Franklin, Starnes & Holt.

**DONE** and **ORDERED** in Fort Myers, Florida this 17th Day of April, 2012.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record