UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SOUTH CRE VENTURE 2010-2, LLC,

    **Plaintiff,**

vs.              **Case No. 2:10-cv-00774-FtM-UA-SPC**

COLONY CORPORATE CENTRE,
LLC f/k/a COLONY CORPORATE
CENTRE, INC., *et al.*,

    **Defendants.**

_____/

## FINAL JUDGMENT OF FORECLOSURE AND ORDER OF SALE

**THIS CAUSE** came before the Court on the Plaintiff South CRE Venture 2010-2, LLC's

Amended Motion for Summary Final Judgment of Foreclosure (as to Count I) (Dkt. 103) and

supporting affidavits filed by Plaintiff. Pursuant to the Order granting Plaintiff South CRE Venture

2010-2, LLC's Amended Motion for Summary Final Judgment of Foreclosure (as to Count I) , it is

**ORDERED AND ADJUDGED** as follows:

(1) Service of process has been duly made on COLONY CORPORATE CENTRE, LLC

f/k/a COLONY CORPORATE CENTRE, INC., JOSEPH E. D'JAMOOS, PHILBIN BROTHERS

LLC, a Florida limited liability company, WALL SYSTEMS, INC. OF SOUTHWEST FLORIDA,

a Florida corporation doing business as PROFESSIONAL BUILDING SYSTEMS, THE

FOUNDATION OF PELICAN MARSH, INC., a Florida corporation, and VANDERBILT

GALLERIA CONDOMINIUM ASSOCIATION, INC., a Florida corporation. This court has

jurisdiction over the Defendants.

(2)     There is due and owing to Plaintiff, South CRE Venture 2010-2, LLC, the following:

**First Mortgage**

      Principal: $5,160,000.00

      Interest to 7/20/12: $810,120.00

      Title Search Expense: $575.00

      Attorneys' Fees: $19,875.00

      Court Costs: $ 200.00

      Default interest and Late Fees: $ 287,585.38

      Escrow Shortage: $141,545.11

      **SUBTOTAL**: $6,419,900.49

**Second Mortgage**

      Principal: $117,939.24

      Interest to 7/20/12: $17,451.39

      Default Interest and Late Fees: $6,396.48

      Escrow Shortage: $0.00

      **SUBTOTAL**: $141,787.11

**TOTAL: $6,561,687.60**

(3)     The First Mortgage shall continue to bear interest from this date forward at 6.0% per annum ($860.00 per diem) through the date of this Judgment. The Second Mortgage shall continue to bear interest from this date forward at 7.0% per annum ($22.93 per diem) through the date of this Judgment. Thereafter, the total amount shall bear interest at the statutory rate provided by 28 U.S.C. § 1961, which rate shall remain the same until the Judgment is paid. Plaintiff shall

recover such further costs as may be incurred by it in this action, including but not limited to any

subsequent advances made by Plaintiff in aid of foreclosure, including the sale fee and publication

of notice of sale fee.

(4)     Plaintiff, whose address is 1591 Hayley Lane, Suite 102, Fort Myers, Florida 33907,

holds a lien for a total sum specified in Paragraph 3 herein, which encumbers the subject property

located in Collier County, Florida, and more particularly described below:

> Unit 113-102, Unit 113-103, Unit 113-104, Unit 113-105, Unit 113-106, Unit
> 113-202, Unit 113-203, Unit 113-204, and Unit 113-205, Vanderbilt Galleria, a
> condominium according to the Declaration of Condominium thereof as recorded in
> Official Records Book 2862, Page 2103, and subsequent amendments thereto, of the
> Public Records of Collier County, Florida.

(5)     The lien of the Plaintiff is superior in dignity to any right, title, interest or claim of

the Defendants and all persons, corporations, or other entities claiming by, through, or under the

Defendants, or any of them, and the Property (defined below) will be sold free and clear of all claims

of the Defendants, except as to Vanderbilt Galleria Condominium Association, Inc.'s claims or rights

under chapter 718 or chapter 720, Florida Statutes.

(6)     If the total sum with interest at the rate described in Paragraph 2 is not paid, the U.S.

Marshal shall sell the subject property in accordance with the provisions of 28 U.S.C. §§ 2001 &

2002, at public sale to the highest bidder by certified check made payable to the United States

District Court for the Middle District of Florida or for cash, except as set forth hereinafter, on the

date and at the time and location Plaintiff coordinates with the U.S. Marshal's Office. Such sale shall

not be held in the absence of Plaintiff's attorney or other representative. If a sale does occur in the

absence of a representative of Plaintiff, the sale shall be null and void and no documents shall be

issued by the U.S. Marshal, except to inform this Court as to what occurred. The U.S. Marshal shall

give public notice of such sale pursuant to 28 U.S.C. § 2002, by publication in a newspaper regularly issued and of general circulation in Collier County, Florida, once a week for four (4) consecutive weeks, beginning not less than twenty-eight (28) days prior to the date of sale. Upon completion of the sale, the U.S. Marshal will issue a Certificate or Report of Sale, to be prepared by Plaintiff's counsel, and shall file the same in the court file. If the successful bidder is a party or third party other than Plaintiff, said bidder shall post with the Clerk of the Court, U.S. District Court, Middle District of Florida (the "**Clerk**") a deposit equal to ten percent (10%) of the final bid. The deposit shall be applied to the sale price at the time of the final payment which shall occur no later than 5:00 p.m. the next business day following the sale. If final payment is not made within the prescribed period, the U.S. Marshal shall re-advertise the sale, pay all costs of the sale from the deposit and remit any remaining funds to Plaintiff in reduction of Plaintiff's debt.

(7)     Plaintiff shall advance all subsequent costs of this action and shall be reimbursed for them by the Clerk if Plaintiff is not the purchaser of the Property at the sale. If Plaintiff or any assignee of Plaintiff is the purchaser, the U.S. Marshal shall credit Plaintiff's bid with the total sum set forth in Paragraph 2 above, with post-judgment interest and costs accruing subsequent to this judgment, or such part of it as is necessary to pay the bid in full. If prior to the sale, Plaintiff shall be required to advance any monies in aid of the foreclosure or for the protection of its lien, then Plaintiff or its attorneys shall so certify to the U.S. Marshal and the amounts due to Plaintiff shall be increased by the amount of such advances without further Order of this Court. If Plaintiff is the successful bidder at the sale, Plaintiff's rights as such may be assigned to a third party and, in that event, the U.S. Marshal is hereby ordered and directed to issue the Marshal's Deed to Plaintiff's assignee upon application of Plaintiff and without further Order of this Court. If Plaintiff is the

successful bidder but does not assign its rights to a third party, the U.S. Marshal is hereby ordered and directed to issue the Marshal's Deed to Plaintiff. In either event, the Marshal's Deed shall not be issued until the eleventh day after the sale. Upon issuance of the Marshal's Deed and transfer of title of the Property to the purchaser at the sale or its assignee, the sale shall thereby stand confirmed, without further order of this Court.

(8)    If the Plaintiff incurs additional expenses not otherwise provided for herein, subsequent to the entry of this final judgment but prior to the sale date, Plaintiff may, by written motion served on all parties, seek to amend this final judgment to include said additional expenses.

(9)    On filing the Marshal's Deed, the Clerk shall distribute the proceeds of the sale, so far as they are sufficient, by paying: first, all of Plaintiff's costs; second, documentary stamps affixed to the Marshal's Deed, unless Plaintiff is not the successful bidder in which event the successful bidder shall pay the costs of said documentary stamps and any sale fee due and payable to the U.S. Marshal in addition to the amount of the bid; third, the Total Sum Due to Plaintiff, less the items paid above, plus interest at the statutory rate prescribed in paragraph 4 from this date to the date of the sale, and by retaining any remaining amount pending the further order of this Court. All sums to be disbursed to Plaintiff shall be made payable to Plaintiff's Attorneys: Henderson, Franklin, Starnes & Holt, P.A. Trust Account.

(10)    Upon issuance of the Certificate or Report of Sale by the U.S. Marshal, Defendants and all persons claiming under or against them since the filing of the Notice of Lis Pendens shall be foreclosed of all estate or claim in the Property, and Defendant's right of redemption shall expire.

(11)    The successful bidder at the foreclosure sale or their heirs, representatives, successors or assigns, shall be placed in possession of the Property upon the issuance of the Marshal's Deed for

the Property.  The U.S. Marshal is hereby authorized and directed to issue a Writ of Possession to the said successful bidders for the Property, upon application, without further order of this Court.

(12)   Jurisdiction of this action is retained to enter further orders as are proper including, without limitation, the issuance of a writ of possession.

**NOTICE PURSUANT TO AMENDMENT TO SECTION 45.031, FLORIDA STATUTES**

**IF THIS PROPERTY IS SOLD AT PUBLIC AUCTION, THERE MAY BE ADDITIONAL MONEY FROM THE SALE AFTER PAYMENT OF PERSONS WHO ARE ENTITLED TO BE PAID FROM THE SALE PROCEEDS PURSUANT TO THIS FINAL JUDGMENT.**

**IF YOU ARE A SUBORDINATE LIEN HOLDER CLAIMING A RIGHT TO FUNDS REMAINING AFTER THE SALE, YOU MUST FILE A CLAIM WITH THE CLERK OF THE UNITED STATES DISTRICT COURT, MIDDLE DISTRICT OF FLORIDA ("CLERK OF THE COURT") NO LATER THAN SIXTY (60) DAYS AFTER THE SALE.  IF YOU FAIL TO FILE A CLAIM, YOU WILL NOT BE ENTITLED TO ANY REMAINING FUNDS.**

**IF YOU ARE THE PROPERTY OWNER, YOU MAY CLAIM THESE FUNDS YOURSELF.  YOU ARE NOT REQUIRED TO HAVE A LAWYER OR ANY OTHER REPRESENTATION AND YOU DO NOT HAVE TO ASSIGN YOUR RIGHTS TO ANYONE ELSE IN ORDER FOR YOU TO CLAIM ANY MONEY TO WHICH YOU ARE ENTITLED.  PLEASE CHECK WITH THE CLERK OF THE COURT WITHIN TEN (10) DAYS AFTER THE SALE TO SEE IF THERE IS ADDITIONAL MONEY FROM**

**THE FORECLOSURE SALE THAT THE CLERK HAS IN THE REGISTRY OF THE**

**COURT.**

**DONE AND ORDERED** in chambers this 30th day of July, 2012.

JAMES D. WHITTEMORE
United States District Judge

Copies to:
Counsel of Record
Unrepresented Parties